Doyle *v.* Peerless Petroleum Company.

---

## DOYLE and ROYCE *vs.* THE PEERLESS PETROLEUM COMPANY and others.

Where a grantor, at the time of executing a conveyance of land, has no legal title to the land, but has merely an equitable title or interest therein, and he afterwards acquires the legal title, he takes and holds such title, in equity, in trust for such prior grantees.

If he conveys the legal title to other grantees, without the authority and consent of those to whom he has previously conveyed the land, so far as the interests of the latter are concerned, the subsequent grantees, taking their conveyance with knowledge of the trust and of the equities of the parties interested in the premises, will be deemed substituted in the place of the grantor as the trustees of the title for the prior grantees, and will be compelled to execute the trust by conveying to them, respectively, their proportionate interests in the land.

But if the subsequent conveyance is executed under the authority, and at the request, of the prior grantees, the subsequent grantees will receive it free from all trusts attaching to the land, arising from the acts of the grantor.

If there is any defect in the proceedings for the organization of a corporation, or any abuse of its powers, or of the statute authorizing the formation of corporations under general or special laws, the question is one of law, and it is for the state alone to take steps to dissolve such corporation, or forbid the exercise by it of corporate rights and franchises.

The courts of equity do not take cognizance of such questions, in respect to corporations.

APPEAL from a judgment entered upon the report of a referee. On the 16th day of December, 1864, the defendant, Joseph H. Suggett, sold and conveyed to the plaintiffs and the defendant Whalin the undivided one eighth of the undivided one fifth of a farm of one hundred and thirty acres of land in Pennsylvania. Doyle paid $500, and the other two grantees $250 each. The plaintiffs at the time of taking the conveyance supposed that Suggett held the fee. Suggett in fact only held the equitable title by contract of purchase, in common with four other parties. These parties attempted to defraud him, by causing the legal title to be conveyed, and on the 29th day of December, Suggett commenced an action to secure his rights in the premises. This action was settled ; the property was divided, and twenty-eight acres were conveyed to Suggett in severalty, and the remainder of the farm was conveyed to other parties in severalty. Suggett got his deed January 14. The plaintiffs had no notice of the action by Suggett, and knew nothing of his proceedings. In the meantime Suggett had conveyed portions of the land to other parties, the same as to the plaintiffs. After Suggett received his deed, he called a meeting of the parties to whom he had sold, and at an adjourned meeting for the first time the plaintiffs learned the facts. Suggett stated to the meeting that he had acquired two acres more than one fifth, and he would convey this to the company if they would pay his expenses, &c., which proposition was accepted. At the first meeting it was proposed and agreed upon to form a manufacturing company by the owners of this land, and the papers were executed, January 23, at the adjourned meeting. At this meeting the defendants claim that a resolution was passed authorizing Joseph H. Suggett to convey the twenty-eight acres to the Peerless Petroleum Company. No minutes were kept by the secretary of the meeting. Mr. Harris kept some memoranda and wrote out the proceedings of the meeting the next day or later. The referee finds these minutes to be correct, but finds that the plaintiffs did not hear such

Doyle *v.* Peerless Petroleum Company.

resolution. He finds, however, that it was agreed by parol on that occasion that Suggett should convey the land to the corporation, and that his grantees should surrender their deeds. The referee also finds that the sole object of all these transactions was to place the title to the twenty-eight acres of land in the best possible condition to benefit the several persons executing the said papers, and other grantees if they sought to come in. The answer alleges the same thing. The next day after the meeting, before the papers had been sent to Albany, Doyle, on behalf of himself and Joyce, notified Suggett and the attorney of the company that he desired to withdraw and have nothing more to do with it. Immediately after this Suggett conveyed the whole twenty-eight acres to the Peerless Petroleum Company. Doyle had nothing further to do with the company. Joyce attended one meeting afterwards, but did not vote. The plaintiffs requested from the company a release of their interest, which was refused; whereupon they brought this action, praying for a judgment and decree directing the Peerless Petroleum Company to release and convey to the plaintiffs their portion of said premises, and that it might be partitioned and set off to them in severalty; for an injunction against the selling or leasing of the premises; and for general relief.

*J. C. Cochrane,* for the plaintiff.

*Ives, Harris & Pond,* for the defendants.

*By the Court,* E. DARWIN SMITH, J. The questions presented for our decision in this case are in a narrow compass. When Joseph H. Suggett conveyed to the plaintiff and the defendant Whalin, an undivided one eighth part of one fifth of the farm mentioned in the pleadings and case he had no legal title to such farm. He had merely an equitable title or interest therein, and could convey no higher title than he possessed. When afterwards he acquired title and upon the

partition of said farm became seised of twenty-eight acres thereof, he took and held such title, in equity, in trust for the plaintiffs and the other parties to whom he had previously executed like conveyances. The legal title which he acquired and held at the time of his conveyance of the said twenty-eight acres to the defendants, the Peerless Petroleum Company, clearly passed to that company by the conveyance for that purpose, executed on the 24th of January, 1864. If such conveyance to said company was without the authority and consent of the plaintiffs, so far as their interest therein is concerned, the Peerless Petroleum Company must be deemed substituted in the place of the said Joseph H. Suggett as the trustee of such title for the plaintiff, and should be compelled to reconvey to them, respectively, their proportionate interests in said land. The company knew of the trust of Suggett, and in what right, and for what purpose he acquired such title, and taking such title with a full knowledge on their part of all the equities of the parties interested therein, they are clearly bound in equity to execute the trust, unless the same had been executed by Suggett and been legally extinguished with the consent of the *cestui que trust.*

This presents the chief question in the case. The referee finds, as matter of fact, that after Suggett had obtained title to the said twenty-eight acres he called together all his grantees, and it appears that there were quite a number having similar deeds to those given the plaintiff, and the defendant Whalin, and fully and fairly stated to them what he had done, and claimed that they should pay the expenses of a litigation he had had in securing said title, and proposed that he would convey for their benefit to the extent of their several interests in the said twenty-eight acres. That thereupon a discussion arose as to the safest and best way to take such land, which resulted in an agreement on the part of the shareholders of the farm under deeds from the said Suggett, to form a corporation under the laws of this state as preferable to a partnership or other mode of taking title. That ac-

cordingly a suitable person was employed to draw the requisite papers for the organization of a corporation; that a large meeting of such grantees was afterwards held, at which said corporation was formed and the requisite papers duly executed by the plaintiff with the others of the said grantees, organizing themselves into a corporation by the name of the Peerless Petroleum Company. That at this meeting it was unanimously resolved "that the said Joseph Suggett convey the whole of the said twenty-eight acres of said land to the said corporation, and that the members should be entitled to subscribe for shares of stock in the company in proportion to their several interests in said farm, or in said twenty-eight acres, in satisfaction thereof."

The referee reports that this resolution was passed at such meeting as above stated, but says the plaintiff did not hear said resolution; but he finds that it was distinctly understood and agreed by parol on that occasion that Suggett should convey the said land to the corporation, and that his grantees, including the plaintiff, should surrender their deeds or otherwise cancel them, and that the transfer of the twenty-eight acres should be in lieu thereof; that on the faith of this agreement all who were present at that meeting executed the articles of association, copies of which are set forth in or annexed to the defendant's answer in this cause. That the amount of the several shares was ascertained and apportioned on the basis of the relative interests in the said farm which Suggett had undertaken to convey to them (his said grantees.) Upon this finding Mr. Suggett was clearly authorized and requested to execute his trust in respect to said land, by a conveyance thereof to the said petroleum company, and said Company received it free from all trusts attaching to it on his part. It appears that the plaintiffs changed their minds in respect to such corporation, and that the plaintiff Doyle informed some of the parties connected therewith, and in the presence of Mr. Suggett, that he was dissatisfied with the election of the officers of said company, and expressed a de-

sire to withdraw from the company. But the referee finds, as matter of fact, that Doyle did not, in any way, intimate to Suggett that he desired him not to execute a conveyance to the company; and the referee also finds "that there was no revocation in fact by either plaintiff in the transactions at the meeting of the 23d of January, or any or either of them." Upon these and the other findings of the referee upon the facts I do not see how we can disturb the judgment rendered by him, or why his conclusions of law were not warranted by the facts which he held to be established. The points made by the plaintiffs' counsel in respect to the organization of the defendant's corporation and the purposes of such organization I have not discussed, because it seems to me quite clear that the corporation was apparently legally organized, and upon its face for a lawful object, and the plaintiff being a member of such corporation could not question the lawfulness or regularity of the proceedings for its organization. The courts of equity do not take cognizance of such questions, in respect to corporations. If there is any defect in the proceedings for the organization of a corporation, or any abuse of its powers, or of the statute authorizing the formation of corporations under general or special laws, the question is one of law, and it is for the state alone to take steps to dissolve such corporation or forbid the exercise by it of corporate rights and franchises. (*The Buffalo and Allegany R. R. Co.* v. *Cary,* 26 *N. Y. Rep.* 75.) The judgment should therefore be affirmed with costs.

[Monroe General Term, September 5, 1865. *Johnson, James C. Smith* and *E. Darwin Smith,* Justices.]