[No. 4706.]

THOMAS DEAN *v.* ELI DAVIS, J. T. LEARY, AND GEORGE OHYLER, COMPOSING THE RECLAMATION FUND COMMISSIONERS, C. E. WILCOXON, AUDITOR OF SUTTER COUNTY, AND JONAS' MARCUSE, TREASURER OF SUTTER COUNTY.

A PUBLIC CORPORATION.—An act of the Legislature which requires the supervisors of a county, upon the petition of persons in the possession of more than one-half of the acres of any specified portion of the county, to erect such specified portion into a levee district for the purpose of reclaiming the same from overflow, and then provides the details by which the reclamation shall be effected, makes a levee district organized by the Board of Supervisors a corporation, and a public corporation, even if the act does not in terms declare it a corporation.

ATTACK ON RIGHT OF CORPORATION TO ACT AS SUCH.—In such case, if the petition to the Board of Supervisors appears on its face to be signed by persons owning a majority of acres, and the district is in fact exercising corporate powers, the validity of its corporate existence can be tested

only by proceedings in behalf of the people, and it cannot be shown in a collateral action that persons owning a majority of acres did not sign the petition, and that the charter was therefore procured through fraud.

INJUNCTION TO RESTRAIN COLLECTION OF TAX.—An injunction will not be granted to restrain the collection of a tax, when it does not appear that the complainant would sustain irreparable injury, or the sale would cast a cloud on the title.

IDEM.—The above rule is applicable to an assessment for a local improvement as well as to a state and county tax.

APPEAL from the District Court, Tenth Judicial District, County of Sutter.

The complaint did not aver that the enforcement of the assessment would lead to a multiplicity of suits, or produce irreparable injury, or throw a cloud upon the title of the complainant, or that an effort had been made to collect the tax.

The other facts are stated in the opinion.

*A. L. Hart, J. L. Wilbur and Creed Haymond,* for the Appellant.

*S. J. Stabler and I. S. Belcher,* for the Respondents.

By the Court, CROCKETT, J.:

Levee District No. 5 was organized under the act of March 25, 1868, entitled "An Act to provide for the protection of certain lands in the county of Sutter from overflow" (Stats. 1867–8, 316), and the plaintiff, being the owner of certain lands within the district, which have been assessed for reclamation purposes, brings this action against the reclamation fund commissioners and the county auditor and treasurer, to cancel the assessment, and for a perpetual injunction restraining its collection. The court below sustained a general demurrer to the complaint, and entered a judgment for the defendants from which the plaintiff appeals.

The first section of the act under which the district was organized authorizes and requires the Board of Supervisors of Sutter County "to protect lands from overflow" in that

county, "upon the conditions and in the manner" there-
after provided. The act itself then provides specially for the
organization of "Levee District Number One" in said
county, and directs, in section 22, in what method other
districts may be thereafter formed. That section is in these
words: "Whenever a petition shall be received by said
Board of Supervisors from persons in possession of more
than one-half of the acres of any specified portion of said
county, asking to be set apart and erected into a levee dis-
trict, said board shall at once erect such territory into a
levee district, and place it under the provisions of this act,
to be called Levee District Number Two, Three and so on,
as the case may be; provided, that it shall not be required
to submit the question of tax to a vote of the people of any
district so erected." There is no other provision in the
entire act, in respect to the proceedings to be had in the
organization of a district by the Board of Supervisors, but
there are numerous details as to the method by which the
reclamation is to be effected and paid for. Plans for the
work are to be adopted by the board, contracts let for the
performance of the work, and assessments to be levied and
collected to defray the cost. The assessment which the
plaintiff seeks to have set aside as invalid, is assailed in the
complaint on the grounds: 1st. That the persons who peti-
tioned for the formation of the district did not own and were
not in the possession of one-half or more of the acreage in the
proposed district; but, on the contrary, were the owners and
in possession of not more than one-tenth part thereof; and
that the representation contained in the petition to the effect
that the petitioners were the owners of more than one-half
of the acreage, "was, to the knowledge of said petitioners,
and all of them, and to said Board of Supervisors, false and
fraudulent;" that "the said board, and each of the mem-
bers thereof, well knew that said petition had not been re-
ceived from persons in possession of more than" one-half
of the acreage;" and before making the order organizing the
district, heard no evidence as to the truth of the petition,
but made the order upon the petition alone. 2d. That after
organizing the district, the Board of Supervisors illegally

changed its boundaries. 3d. That the boundaries of the district were never recorded in the office of the county recorder, as required by the statute. 4th. That the board never adopted plans for reclaiming the land in the district, but had let out contracts, and caused much work to be done, etc. Numerous other objections are made to the assessments, which need not now be specially referred to, as enough has been stated to present the questions of law on which the case must be decided.

If the plaintiff is entitled, in this form of action, to assail the proceedings for the organization of the district, and is not precluded from inquiry into the facts which he avers, there can be no question but that he states a case entitling him to relief. But it is contended on the other side: 1st. That the levee district is a public corporation for municipal purposes. 2d. That it is claiming in good faith to be and is doing business as such corporation, and that the question of its due incorporation and of its right to exercise corporate powers, cannot be inquired into collaterally. 3d. That being at all events a *de facto* corporation, its corporate existence can be tested only in a direct proceeding for that purpose, on behalf of the people. 4th. That if the assessment were conceded to be illegal, the complaint does not state a case in which a court of equity would afford relief, there being no averment that the enforcement of the assessment would lead to a multiplicity of suits, or produce irreparable injury, or cast a cloud on the plaintiff's title. These points will be examined in their order. Section 284 of the Civil Code provides that "corporations are either public or private. Public corporations are formed or organized for the government of a portion of the State." The same definition is given in Angell and Ames on Corporations. "It is generally called *public*, when it has for its object the government of a portion of the State; and although in such a case it involves some private interests, yet, as it is endowed with a portion of political power, the term *public* has been deemed appropriate." (Section 14.) Public corporations "are the auxiliaries of the government in the important business of municipal

rule." (Section 31.)  "Where a corporation is composed exclusively of officers of the government having no personal interest in it or with its concerns, and only acting as the organs of the State in effecting a great public improvement, it is a public corporation." (Section 32.)  With this definition of a public corporation, we proceed to inquire whether Levee District No. 5 has the essential attributes of a corporation, and if so, of a *public* corporation.  A corporation, as defined by section 283 of the Civil Code, "is a creature of the law, having certain powers and duties of a natural person."  Under this broad definition, the levee district has the attributes of a corporation.  It is "a creature of the law, and has certain powers and duties of a natural person."  Through the Board of Supervisors, who are its managing agents, it may make contracts, incur debts, employ servants and agents, and perform many other acts which pertain to natural persons.  It is also endowed with a corporate name, and has perpetual succession.  These are the principal attributes of a corporation, and though the statute does not in terms declare it to be a corporation, it will be sufficient if the intent clearly appears.  "Whenever the language manifests the intention of the government to confer corporate privileges, they may be conferred without the adoption of any particular technical phraseology or minutely descriptive language."  (Angell & Ames on Corp., sec. 77; see, also, sections 70, 78, and cases cited; Dillon on Municipal Corp., sections 21, 22; *Blanchard* v. *Kaull*, 44 Cal. 440.)  In authorizing the district to be organized under a particular name, and endowing it with so many of the powers of a natural person, and particularly with the power to make contracts, incur debts, issue bonds, levy and collect assessments, and have perpetual succession, it would appear to be manifest that the intention was to endow it with *corporate rights*.  It is equally clear that, tested by the definitions already given, it is a *public* and not a private corporation.  It is true, perhaps, that it was not formed or organized "for the government of a portion of the State," in the broadest sense of the term.  But it nevertheless exercises certain governmental functions within the district.  The power of

the Legislature to compel local improvements, which, in its judgment, will promote the health of the people, and advance the public good, is unquestionable. In the exercise of this power, it may abate nuisances, construct and repair highways, open canals for irrigating arid districts, and perform many other similar acts for the public good, and all at the expense of those who are to be chiefly and more immediately benefited by the improvement." (*Hagar* v. *Supervisors of Yolo*, 47 Cal. 233.) To constitute a public corporation, it is not essential that it shall exercise *all* the functions of government within the prescribed district. School districts and road districts may be, and often are, public corporations, "invested with a corporate character, the better to perform within, and for the locality, its special function, which is indicated by its name. It is but an instrumentality of the State, and the State incorporates it that it may the more effectually discharge its appointed duty." (Dillon on Municipal Corp., sec. 100.)

But the plaintiff contends that Levee District No. 5 was not organized as a corporation, for the reason that the Board of Supervisors never acquired jurisdiction of the proceeding, and that the order of the board creating the district was therefore void. It appears, however, on the face of the complaint, that the petition presented to the board for the organization of the district was good in form, and on its face was a compliance with the statute. Nor is it claimed that the order creating the district was void on its face. The complaint, therefore, states a case in which the proceedings for the organization of the corporation were apparently valid, and in which the corporation is transacting business as such. But it seeks to impeach the validity of the proceeding by proof *aliunde*. It avers that the petition presented to the board was untrue in fact, in an essential particular, and was known to be so, both to the petitioners and the board, and that, in that respect, the petition was false and fraudulent. But it is well settled, that if a company has "in form a charter authorizing it to act as a body corporate, and was in fact in the exercise of corporate powers at the time of its dealings with the plaint-

iff, then it was, as to them and all third persons, a corporation *de facto*, and the validity of its corporate existence can only be tested by proceedings in behalf of the people," nor can it be shown in a collateral action that the charter was procured through fraud. (*Jones* v. *Dana*, 24 Barb. 395.) To the same effect are *McFarlan* v. *T. Ins. Co.*, 4 Denio, 392; *Doyle* v. *Peerless P. Co.*, 44 Barb. 239; *B. & A. R. R. Co.* v. *Cary*, 24 N. Y. 75; *Wright* v. *Shelby R. Co.*, 16 B. Mon. 4; Angell & Ames on Corp., secs. 635 and 636. It is, therefore, not competent for the plaintiff to attack the validity of the corporation in this form of action.

The only remaining point which we deem it necessary to notice is, whether the complaint states a case for equitable relief, if it be conceded that the assessment is illegal because of the acts alleged to have occurred subsequent to the organization of the district. In *Savings and Loan Society* v. *Austin* (46 Cal. 448), and in *Houghton* v. *Austin* (47 Cal. 646), we discussed at length the cases in which a court of equity will interfere by injunction to restrain the collection of a tax, and the reasoning need not be repeated here. The rule which is applicable to an injunction against the collection of a State or county tax, is also applicable to an assessment of this character, levied in the exercise of the taxing power, for purposes of local improvement. The complaint does not state a case for equitable relief, within the rule established in the cases above cited.

Judgment affirmed.

Neither Mr. Chief Justice WALLACE nor Mr. Justice McKINSTRY expressed an opinion.