F. HOKE, Appellant, v. W. H. PERDUE et al., Respondents.

No. 4707; August 14, 1876.

**Reclamation Works—Injury Without Compensation.**—In projects for local improvements, such as reclamation works, the fact that the land of some one taxpayer will be injured rather than benefited does not make out a case of taking for the public use without a just compensation in violation of the constitution.

APPEAL from Tenth Judicial District, Sutter County.

J. L. Wilbur and Creed Haymond for appellant; J. S. Belcher and J. R. Ray for respondents.

CROCKETT, J.—Except in one particular this case is not distinguishable from Dean v. Davis, No. 4706 [51 Cal. 406], decided at the present term, and the judgment must be affirmed on the authority of that case, unless there be something in the particular referred to which shall lead to a different result.

In addition to the causes of action relied upon in Dean v. Davis [51 Cal. 406], the complaint in the present action alleges that if the reclamation works shall be reconstructed, they will have the effect, not to benefit the plaintiff's land, but, on the contrary, greatly and permanently to depreciate its value. It is claimed, therefore, that this will constitute a "taking" of the land for public use without a just compensation, in violation of the constitution. But in schemes for local improvements of this character, where the expenses

are to be defrayed by means of a tax levied upon the property within the district supposed to be benefited, the payment of the tax cannot be resisted, on the ground that a particular parcel of land within the district will not be benefited, but, on the contrary, may or will be injuriously affected by the proposed improvement. In People v. Whyler, 41 Cal. 351, we had occasion to consider whether the act of March 25, 1868 (Stats. 1867–68, p. 316), under which this "levee district" was organized, imposed a tax upon the property within the district, or provided for an assessment on the property to be benefited, for the purpose of raising a fund to defray the expenses of the work, and our conclusion was that it is a tax and not an assessment. The plaintiff resists the payment of this tax, and seeks to enjoin the further prosecution of the work, on the ground that his land will not be benefited, but, on the contrary, will be permanently injured by the proposed improvement. It is clear, however, that a tax imposed by the legislature cannot be resisted on the ground that the purposes to which it is to be applied will not benefit the taxpayer, and may affect him injuriously. That is a question for the legislature and not for the courts to decide. Nor can a local improvement be defeated, on the ground that a particular piece of property may be injuriously affected by it. In grading the streets of a city, a particular lot may be left so far above or below the grade as greatly to impair its value; but this affords no reason for resisting the improvement, nor can the owner recover damages from the corporation: Dillon on Mun. Corp., secs. 543, 782, 783, and cases cited. "Every great public improvement must, almost of necessity, more or less affect individual convenience and property; and when the injury sustained is remote and consequential, it is damnum absque injuria, and is to be borne as a part of the price to be paid for the advantages of the social condition. This is founded upon the principle that the general good is to prevail over partial individual inconvenience": Lansing v. Smith, 8 Cow. (N. Y.) 149.

In the present case the anticipated injury to the plaintiff's land is speculative, remote and consequential. He thinks the proposed dam and levee will not be sufficient to withstand the periodical freshets; but that is only a matter of opinion, and the statute confides to the board of supervisors and their engi-

neer the duty of constructing proper works to protect the land from inundation. It cannot be assumed in advance that they will err in their judgment as to the sufficiency of the proposed works, or that they will perform their duty negligently.

Moreover, the law having confided to them the exercise of their judgment and discretion in the premises, it is not for the courts to interfere, unless it clearly appears that the proposed improvements will necessarily result in damaging the plaintiff's land to such an extent and in such manner as to constitute a "taking" in the sense of the constitution.

We think the complaint does not state such a case and contains no ground for equitable relief.

Judgment affirmed.

We concur: Rhodes, J.; Niles, J.