[No. 7,139.—Department One.]

# LEVEE DISTRICT No. 1 OF SACRAMENTO COUNTY *v.* HERRMAN HUBER.

BILL OF EXCEPTIONS—PRACTICE.—On motion of the plaintiff, a portion of the defendant's answer was stricken out before the trial, and the defendant excepted; but the bill of exceptions was not presented until the trial of the action, which was four months after the ruling. *Held*, that the exception should not have been allowed.

SWAMP LAND — RECLAMATION DISTRICTS — ASSESSMENT — CONSTRUCTION OF STATUTE.—The commissioners appointed under § 3456 of the Political Code have no power to levy an assessment which does not cover all the land in the Reclamation District.

APPEAL from a judgment for the plaintiff, and from an order denying a motion for a new trial, in the Sixth District Court, County of Sacramento. DENSON, J.

The action was brought to recover an assessment levied upon a portion of the lands embraced within Levee District No. 1 of Sacramento County.

*J. W. Armstrong*, for Appellant.

The assessment was void, because a portion of the lands within the district were exempted from the assessment. The fact that the improvement is more beneficial to one portion than another, furnishes no reason to wholly exempt any portion. (*New York and New Haven R. R. Co.* v. *New Haven*, 42 Conn. 279 ; *State* v. *Mayor of New York*, 8 Vroom, 415 ; *Westar* v. *Philadelphia*, 80 Pa. 505 ; *Merritt* v. *Village of Portchester*, 71 N. Y. 309.)

*George A. Blanchard*, and *Dunlap & Van Fleet*, for Respondent.

The defendant is not entitled to its exception to the order striking out parts of its answer; the ruling was made in November, 1879, while the bill embodying the exception was not presented until April, 1880. It came too late. (Code Civ. Proc. § 649 ; *Higgins* v. *Mahoney*, 50 Cal. 444.)

McKINSTRY, J.:

The District Judge ought to have sustained plaintiff's objection to the settlement or allowance of an exception to the ruling of the Court striking out a portion of defendant's answer. The proposed bill, containing such exception, was not presented until more than three months after the ruling or decision was made. The order to strike out was made November 14th, 1879, and the "proposed bill" is dated March 26th, 1880, and of course could not have been presented until that day. It appears from the judge's certificate, that, at the settlement of the bill, plaintiff's attorney, "having reserved the right so to do, objected to the allowance of that portion of the bill relating to the striking out of a portion of defendant's answer, etc.,    *    *    *    on the ground that the same was not presented in due time."

The Act of March 20th, 1878, to organize Levee District No. 1, of Sacramento County (Stats. 1877–78, p. 853), defines the boundaries of the levee district, and provides for the election of *three trustees, one assessor, and one tax collector.* The seventh section provides that the *assessor* shall assess the real estate and personal property in the district, etc. In the case before us, the assessment was made by three *commissioners* appointed by the supervisors.

The fifteenth section of the act reads: "If the board of trustees shall adopt any *plan* or *scheme,* or project any work of reclamation,    *    *    *    which, in their judgment, is more beneficial to one part of the district than to another, they may report *such plan* to the Board of Supervisors of said county in the manner provided by § 3455 of the Political Code. All subsequent proceedings for the purpose of assessing and collecting the moneys necessary to complete the work specified in said report shall be prosecuted under §§ 3456, 3459, 3460, 3461, 3462, 3463, 3465, and 3466 of the Political Code." Section 3456 of the Political Code provides for the appointment, " by the board by which the district was formed," of three commissioners, " who must view and assess *upon the lands situated within the district* a charge proportionate to the whole expense and the benefits which will result from such works," etc. The Act of 1878 does not provide for any report of a plan, except where the

trustees have adjudged that one portion will be *more benefited* by the scheme projected than another. In the case at bar, the trustees did so adjudge—although their report, assuming it to be a plan, did not indicate their judgment as to which portions of the lands would be more benefited—as it may be assumed (without deciding the question) that the report or plan gave to the supervisors power to appoint commissioners. It will be seen, by reference to § 7, that, in ordinary cases, it is the duty of the assessor to assess *all the real property* in his district. This, separated from the fifteenth section, would seem to make the levee district a district for taxation or assessment purposes as well. It is, perhaps, a legislative declaration (which by all the cases is held conclusive) that all the lands within the district will be benefited.

In addition to what has already been conceded, for the purposes of the argument, it may further be assumed that the Legislature has power either to establish the boundaries of an assessment district or to authorize the supervisors of a county to appoint commissioners to establish such boundaries, and whose report, showing what lands they have in fact assessed, shall fix and determine the lands constituting the assessment district. Assuming still further (but not so deciding, because the determination of the question is not herein necessarily involved), that § 7 defines an assessment district coextensive with the levee district, it might be doubted whether the Legislature had power in the same act to provide for the election either of trustees or commissioners with authority to determine that some of the lands (of which it has been legislatively declared that they would be benefited by the works of reclamation) would in fact not be benefited at all. But assuming, for the purposes of this decision, that the Legislature had power to invest the commissioners appointed by the Board of Supervisors with authority to relieve a part of the tracts of land within the levee district of all assessment, the question still remains, Has the Legislature done that thing? We are of opinion that the language employed by the Legislature will not permit such construction. The language of § 15 of the Act of 1878 is: "If the board of trustees shall adopt any plan or scheme which, in their judgment, is *more* beneficial to one part of the district than another, they

shall report such plan," etc. And § 3456 of the Political Code reads: "The board * * must appoint three commissioners, who must view and assess upon *the lands situated within the* (levee) *district* a charge proportionate," etc. There is nothing in the language used in either of these sections which necessitates a construction which alone can give validity to the assessment sought to be enforced in this action. The very words "*more* beneficial" indicate that all are benefited in some degree, and the power to assess "upon the lands" of the district is a power only to assess all the lands.

Judgment and order reversed, and cause remanded.

Morrison, C. J., and Ross, J., concurred.