F. HOKE, Appellant, v. W. H. PERDUE et al., Respondents.

No. 4707; June 15, 1881.

Reclamation District—Collateral Attack on Organization.—A reclamation district established under the act of March 25, 1868, is legally established if organized by the board of supervisors by virtue of that act, and its corporate existence cannot be attacked collaterally.

Reclamation District—Omission of Land from Tax—Injunction.—The omission of land within the district from the burden of

1 Cited and distinguished in Parker v. Altschul, 60 Cal. 381, where there was nothing to show that the appellant had objected to a dismissal as to some of the defendants.

taxation, however it might serve as a ground for injunction to restrain the collection of the tax, is no ground where the thing to be restrained is the reconstruction or repair of a levee.

**Reclamation District—Repairing Levee Constructed Without Regard to Law.**—That a levee has been constructed without due regard to the law warranting the construction is no reason in law for refraining from repairing it afterward when it needs repairs.

**An Injunction to Restrain the Repairing of a Public Work** is not to be Granted on grounds amounting to no more than the petitioner's opinion as to the probable efficiency of the work when done.

APPEAL from Tenth Judicial District, Sutter County.

J. L. Wilbur and Creed Haymond for appellant; J. S. Belcher and J. R. Ray for respondents.

MORRISON, C. J.—Plaintiff filed his complaint in the late district court of Sutter county against defendants, who then constituted the board of supervisors of that county, and prayed ''that the defendants be forever restrained and enjoined from reconstructing or repairing said levees or any of them, or from in any manner damming up or obstructing the natural flow of water into and through the said Butte creek slough, and from damming up or obstructing in any manner the natural channels through which the waters that flow into and upon said district and are drained therefrom.'' We have given the prayer of the complaint, because it illustrates the object and purpose of the suit. The complaint is very long and comprehensive, containing, as it does, something of a history of levee district No. 5, in and for the county of Sutter.

The first allegation in the complaint which we will consider is, that the district was not legally established, for the reason that the petition to the board of supervisors was not signed by more than one-half of the land owners within the district, as was required by section 21 of the act of March 25, 1868: See Laws 1867–68, p. 316. It was held in Dean v. Davis, 51 Cal. 406, that the district organized by the board of supervisors under the foregoing statute became a public corporation, and that the validity of its corporate existence cannot be collaterally attacked or questioned. The complaint also contains an averment that a large quantity of the land lying within the district, and subject to taxation or assessment, has been volun-

tarily omitted from the assessment list filed by the commissioners in the office of the county clerk of Sutter county. If this were a proceeding to enjoin the collection of the tax, we are not prepared to say that the omission complained of would not constitute good ground for enjoining the collection of the assessment: See Levee District v. Huber [57 Cal. 41], opinion filed February 24, 1881. But, as has already been shown, this is not a proceeding to enjoin the collection of the tax, but is simply intended to stop the reconstruction or repair of the levee; non constat but there is a sufficient fund already collected to defray the expenses of such reconstruction and repair.

The allegation that the levee was originally constructed without the previous adoption of a plan for the protection of the district, as provided for in section 10 of the act, constitutes no good reason why the levee, after having been constructed, should not be repaired in places where broken or washed away. But we are not to be understood as saying that the adoption of a plan was at any time essential; for section 3 of the act provides that "the county surveyor of the county of Sutter shall be ex officio engineer of all such levee districts in the county, and shall make such surveys, levels and estimates, superintend all works, and shall give general direction for all their construction, subject to the control of said board of supervisors."

The only remaining point in this case which we deem it necessary to notice is, that the effect of repairing the levee, as is claimed by plaintiff, "will be to dam up the waters, and increase the same in volume, until said levee will break and permit said waters to flow down to and upon plaintiff's land and wash away and destroy the fences and trees thereon." This averment is, and can be, in the very nature of things, a simple expression of opinion on the part of the plaintiff, and cannot be accepted as the statement of a positive existing fact. The intention of the statute, in authorizing the formation of the district, was to adopt a plan and scheme for the protection of lands within the district, from the encroachment of the waters; and the mere opinion of the plaintiff that the scheme

is impracticable affords no reason in law for arresting the work by injunction.

Judgment affirmed.

We concur: Myrick, J.; Sharpstein, J.; Ross, J.

We concur in the judgment: McKinstry, J.; Thornton, J.