(78 South. 437)

No. 22942.

STATE v. SERVAT.

(April 1, 1918.)

(*Syllabus by Editorial Staff.*)

1. COURTS ⊗⇒224(7)—SUPREME COURT—CRIMINAL APPELLATE JURISDICTION — FINE IMPOSED BY MUNICIPALITY.

The Supreme Court could have jurisdiction of an appeal from a judgment of a city criminal court, convicting defendant of the violation of an ordinance of the sewerage and water board of the city of New Orleans, and fining her $20, only on the hypothesis that the appeal involved the legality or constitutionality of a fine imposed by a municipal corporation.

2. MUNICIPAL CORPORATIONS ⊗⇒175—SEWERAGE AND WATER BOARD.

The sewerage and water board of the city of New Orleans, a mere agency for the more convenient administration of the sewerage and water business of the city, is not a "municipal corporation."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Municipal Corporation.]

Appeal from Second City Criminal Court of New Orleans; Alex C. O'Donnell, Judge.

Mrs. J. Servat was convicted of a violation of an ordinance of the Sewerage and Water Board of the City of New Orleans, and she appeals. Appeal dismissed.

Alfred Bonomo and Richard Dowling, both of New Orleans, and Eugene S. Hayford, for appellant. J. Arthur Charbonnet, Asst. Dist. Atty., and Walter L. Gleason and Edgar H. Bloch, all of New Orleans, for the State.

PROVOSTY, J. By Act No. 6 of the Extra Session of 1899 the sewerage and water board of the city of New Orleans is authorized to make certain regulations, and the violation of any of the regulations so made is made punishable by a fine not exceeding $25 or by imprisonment not exceeding 30 days.

By Act 270 of 1908, the said board is authorized to make further regulations, one of which is to cause the removal of all cisterns from improved premises; and is authorized to enforce the regulations so made by the infliction of the penalties provided for by the said Act 6 of the Extra Session of 1899.

Under authority of this act of 1908, the said board, on July 13, 1916, adopted a resolution providing that:

"After the 1st day of August, 1916, it shall be the duty of the owners of each inhabited premises in the city of New Orleans, which is connected with the water system of the sewerage and water board, to cause the demolition and removal from the premises of all cisterns," etc.

To an affidavit against her for violation of said ordinance and statute, the defendant pleaded as follows:

"That the allegations in said affidavit are not sufficient in law and do not charge respondent with any offense or crime under any law of the state of Louisiana; and therefore respondent is not bound by the law of the land to answer the same."

This plea having been overruled, the defendant excepted to the ruling on a number of grounds, including that of the unconstitutionality of said ordinance, and, from an ad-

verse judgment and a fine of $25 has appealed to this court.

[1, 2] In coming to this court with the appeal the learned counsel of defendant have assumed that the case involves the legality or constitutionality of a fine imposed by a municipal corporation, for it is only on that hypothesis this court could have jurisdiction of the case; but it does not. Whether the question of the illegality or unconstitutionality of the said fine could be considered to have been raised by the said demurrer, and therefore to be involved in the case, and whether the said fine has been imposed by said board, and not by the said acts of the Legislature, are contested points in the case; but, waiving these points, the said board is certainly not a municipal corporation. In State v. Hagen, 136 La. 868, 67 South. 935, it was debated whether even a parish is a municipal corporation; and certainly the said board is not, which is a mere agency for the more convenient administration of the sewerage and water business of the city of New Orleans. This court is therefore without jurisdiction of the case.

Appeal dismissed.