ROGERS, J.
 

 (dissenting). The main purpose of this suit is to obtain the annulment of the charter of the recently created municipality of Metairie Ridge. The demand of the plaintiff for the extrusion of the municipal officers is merely incidental to the main purpose of his action, and is unimportant, because, even without such demand, a judgment decreeing the defendant corporation is not legally organized will bring about that result.
 

 The narrow point on which this court rests its decision affirming the judgment of the court below is, as expressly set forth in the majority opinion, “that the petition which was presented to the Governor, together -with the certified list of all the qualified electors residing in the hamlet, submitted by the petitioners themselves, showed upon its face * * * that the petition was not signed by two-thirds of the electors residing in the hamlet.”
 

 Rut the question of whether the petition “is sufficiently signed” under the express terms of the statute itself (Act 136 of 1898, § 11) must be determined by the Governor, and not by the courts. It is a political, and not a judicial, question.
 

 It is not disputed by the majority opinion that the creation of municipal corporations is solely a legislative function, nor that the Legislature may confer upon some designated tribunal, board, or other agency the authority to ascertain whether the rules and regulations which it has prescribed for the creation of such corporations have been complied with. And this is exactly what the Legislature of this state has done by the adoption of Act 136 of 1898, generally known as the “Lawrason Act,” for the creation and government of municipal corporations throughout the state, etc. Under the eleventh section of the statute the duty is imposed upon the Governor to
 
 inquire into the facts,
 
 and
 
 “if he finds the petition sufficient and sufficiently signed,
 
 * * * he shall, by proclamation,, declare the village incorporated,” etc. (Writer’s italics.) The Legislature, in thus designating the Governor as its agent to determine the necessary facts, has not violated the maxim “delegatus non potest delegare,” as intimated in the majority opinion. With but slight exceptions the courts uniformly hold:
 

 “That prescribing rules and regulations for the organization of municipal corporations by general law and providing means for carrying the law' into effect, e. g., by conferring upon a designated tribunal, commission, board or some other proper agency the right to ascertain and determine that the general provisions of the law are complied with so as to effect the organization of the corporation, is not in violation of the maxim ‘delegatus non potest delegare.’ ” McQuillin, Mun, Oorp. vol. 1, § 136.
 

 The issue presented in this case was before this court in the case of State ex rel. Dist. Atty. v. Ehret, 135 La. 643, 65 So. 871. In fact, if the names of the municipalities and the parties litigant be interchanged, the cases are identical. The decision in the cited case is decisive of the issue raised in the instant case. There the eleventh section of Act
 
 *469
 
 136 of 1898 was analyzed, and the law applicable thereto, appearing in the decisions of the courts and the comments of the text-writers, was painstakingly reviewed. This court expressly declared, at page 645 of the opinion (65
 
 So.
 
 872), that “Act
 
 No.
 
 136 of 1898 does not provide for any review of, or appeal from, the proclamation of the Governor. The ineorpoi’ation of towns and villages belongs to the political department of the government.” And accordingly its decision was that, the Governor having inquired into the facts and issued his proclamation, relator’s action would not lie to set aside the corporation and oust the corporate officers on the ground that the statutory requirements had not been observed.
 

 The relator, appellee, differentiates the cited case from the case at bar, contending that in the former the petition presented to the Governor exceeded two-thirds of the number of qualified electors of the village, whereas, in the latter the petition presented to the Governor lacked the necessary two-thirds of the qualified electors residing in the village. In other words, that in the case of the defendant municipality the Governor was without jurisdiction to inquire into the subject-matter of the petition presented to him. The differentiation suggested, as shown by the opinion, is accepted as correct by a majority of the members of this court. Eor my own part, I respectfully suggest it is a distinction without a difference, and is, in fact, a mere begging of the question. So far as the Ehret Case itself is concerned, it is nowhere shown that the petition for incorporation therein was signed by more than two-thirds of the qualified electors of the village. On the contrary, it is expressly stated in the very beginning of the opinion that the purpose of the suit is “to set aside the incorporation of the village of Gretna * * * on the grounds that the petition on which said proclamation was based did not contain the signatures of two-thirds of the qualified electors of said village of Gretna,” etc. And this was one of the
 
 facts
 
 which the court held the relator was precluded fx*om setting up in support of his action to annul the charter of the defendant municipality. Moreover, it is perfectly plain that under the statute the Governor is clothed with the authority, or, to use the expression adopted by the majority opinion, the jurisdiction,
 
 to
 
 inqixire, not only into the sufficiency of the petition, but also into the sufficiency of the signatures thereto attached. This can only mean that the Governor has the authority, or jurisdiction, and, as a matter of fact, it is his duty, to inquire into and to determine whether the petition is signed by the necessary number (two-thirds) of the electors of the proposed municipal corporation. If the position taken by the majority opinion be correct, then the courts can be called upon in every instance to decide in advance, or even after the corporation is organized and functioning under the proclamation of the Governor, whether he is vested with the authority or jurisdiction to: receive the petition, not only because it lacks the necessary number of signatures, but also lacks, if the number of signers be sufficient, the requisite number of qualified electors. This just cannot be correct. Obviously, the law-making body never contemplated that the court would have, or would assume, the right of substituting its opinion for the opinion of the Governor, the agent of the Legislature, on the questions expressly referred to him by the statute.
 

 This suit was brought under section 2593 of the Revised Statutes, authorizing an action by a district attorney pro tempore, “when any association or number of persons shall act within this state as a corporation without being duly incorporated.” The section is merely the re-enactment of section 1 of Act 58 of 1868 as amended by Act 156 of 1868. The original legislative acts, as reenacted in the Revised Statutes, except where they have been repealed, either expressly or
 
 *471
 
 impliedly, undoubtedly affect municipal corporations. Tbe language used in section 2593 of the Revised Statutes is broad enough to cover all public corporations, and it has been applied also to private corporations. See State ex rel. Lannes v. Atty. Gen., 30 La. Ann. 954; State ex rel. Belden v. Fagan, 22 La. Ann. 547. But the section must yield to the force of subsequent legislation with which it is inconsistent or in conflict. One of the statutes subsequently enacted, and with which it is partially in conflict, is Act 136 of 1898. The conflict between the statutes grows out of-the provision in the latter making the findings of fact and the proclamation by the Governor conclusive, in effect, on the question of the legality of the incorporation thereunder of any village, town, or city, leaving in force the provisions of the former, so far as they may stand unrepealed, as to the remedy against usurpation, intrusion into, or the unlawful holding or exercising of any office or franchise in a municipality or any other public, and perhaps private, corporation.
 

 Section 2593 of the Revised Statutes was relied upon as the authority for instituting his action by the relator in the ease of State ex rel. Hist. Atty. v. Ehret, referred to supra. This court, however, expressly held that the action would not lie, in view of the findings of fact and the issuing of the proclamation by the Governor. In this connection, it is highly significant that from, and including, the year 1914, in which the Ehret Case was decided, to, and including, the year 1928, during which period numerous sessions of the Legislature and one constitutional convention were held, no disapproval of the decision was expressed, and no action was taken to provide for the submission of such issues as were raised therein to the courts.
 

 The argument that the act of the Governor in proclaiming Metairie Ridge a duly incorporated village was not an executive one, and therefore does not raise a political question, is, in my opinion, unsound. It is not contended that the Governor, under his executive powers, legally created the defendant municipality. There is no such issue in the case. All that is contended is that, under the well-recognized rule that the creation of a municipal corporation falls within the political department of the state government, the Legislature had the absolute right under its political powers to deal -with the matter. It was well within its rights and powers, as the most expedient and practical way of handling the incorporation of villages, towns, and cities under the statute, to appoint the Governor to act as its agent to receive petitions for incorporation and to inquire into the fact whether such petitions are sufficient and are sufficiently signed. In other words, the Legislature has seen fit to act through the Governor in the creation of certain classes of municipal corporations. The acts of the Governor under the authority thus vested in him are the acts of the Legislature itself. If the agent makes a mistake, it is a mistake of his principal; and the latter always has the power to rectify a mistake in the creation of a municipal corporation by the enactment of a repealing statute. State v. Hagen, 136 La. 869, 67 So. 935.
 

 For the foregoing and other reasons I am forced to conclude that the courts are without any authority to review the action of the Governor herein complained of, and that the judgment appealed from should be reversed, and relator’s suit dismissed. I therefore respectfully dissent from the majority opinion and decree herein.