BOARD OF COUNTY COMMISSIONERS OF LAS ANAMAS COUNTY v. BOND et al.

Generally, and upon considerations of public policy, a municipal corporation is not subject to garnishment. The exemption may, however, be waived by appearance and submission to liability.

*Error to Probate Court of Las Anamas County.*

BOND and Rice, the defendants in error, procured an attachment to be issued out of the probate court of Las Anamas county, against Harring and another, the writ commanding the sheriff to serve the county commissioners of

Las Anamas county as garnishees. The interrogatories filed were answered by the county clerk, but no appearance was entered by the board. Judgment was entered up by the court against the board of county commissioners in favor of Harring for the use of the defendants in error. The court refused to vacate the judgment upon motion subsequently entered by the board, and they prosecute this writ of error to have the judgment reversed.

Mr. CALDWELL YEAMAN, and Mr. J. O. PACKER, for plaintiffs in error.

Mr. A. W. ARCHIBALD, and Messrs. SMITH & MACON, for defendants in error.

ELBERT, J. Upon considerations of public policy, it has generally been held that municipal corporations are not subject to garnishment. Drake on Attachments, § 516 ; 1 Dillon on Mun. Corp., § 65.

Although the decisions are not uniform, we regard this as the better doctrine. Inconvenience and detriment to the public service lie at the basis of the rule, and demand that the interests of the individual be subordinated to that of the public. In the case of *Merwin* v. *Chicago*, 45 Ill. 133, Mr. Justice LAWRENCE forcibly says : "Municipal corporations are in the exercise of governmental powers to a large extent. They control pecuniary interests of great magnitude, and vast numbers of human beings, who are more dependent on municipal, for the security of life and property, than they are on either the State or Federal governments. * * * * A municipal corporation cannot properly be turned into an instrument or agency for the collection of private debts. It exists simply for the public welfare, and cannot be required to consume the time of its officers, or the money of its treasury in defending suits, in order that one private individual may the better collect a demand due from another. A private corporation must assume the same duties and liabilities as private individu-

als, since it is created for private purposes. But a municipal corporation is part of the government. Its powers are held as a trust for the common good. It should be permitted to act only with reference to that object, and should not be subjected to duties, liabilities and expenditures 'merely to promote private interest or private convenience.''

Such was the law at the date of the rendition of the judgment. The statute subsequently passed by the legislature does not affect the determination of this case. Code, § 101.

This exemption, however, may be waived by appearance and submission to liability. Drake on Attachments, § 516*a*.

Here the judgment expressly recites that no one appeared on behalf of the board of county commissioners. Whether process was served on the board or not, is unimportant. If it did not appear and waive the exemption, no valid judgment could be given.

The county clerk, and *ex-officio* clerk of the board, stands to the case in the relation of a witness certifying to an indebtedness, and not in the relation of an attorney or agent claiming to represent a principal. If in any case, therefore, his answer as clerk of the board would have the effect of an appearance and waiver, binding upon the board, it certainly did not so operate in this case.

The judgment of the court below is reversed with costs, and the cause remanded, with directions to dismiss the proceedings in garnishment as to the plaintiff in error.

*Reversed.*