CITY OF DENVER v. BROWN ET AL.

11 337<br>5a 386

Under the statute a municipal corporation is liable to garnishment upon a judgment obtained in a district court.

*Error to District Court of Arapahoe County.*

DEFENDANTS in error, Brown & Kiefer, had a judgment in the said district court against one John H. Anderson,

and after execution had been duly issued thereon they caused a garnishee summons upon said execution to be served upon the plaintiff in error, the city of Denver, under the provisions of chapter 46 of our General Statutes. There being a question of law as to whether the city of Denver, being a municipal corporation, was liable as such to garnishment under the conceded facts in the case, and, as it seems, for the purpose of having the question of law thus arising presented and adjudicated, the answer of the city of Denver to said summons was made as follows:

"STATE OF COLORADO, COUNTY OF ARAPAHOE — SS.:

"IN THE DISTRICT COURT OF THE SECOND JUDICIAL DIS-
TRICT, SITTING WITHIN AND FOR THE COUNTY OF
ARAPAHOE.

"*Samuel C. Brown and John Kiefer, Copartners as Brown & Kiefer, Plaintiffs, v. John H. Anderson, Defendant; City of Denver, Garnishee.*

"For the purpose of determining the liability of the city of Denver as garnishee in the above-entitled case, the parties hereto have agreed that the following statement contains all the facts of the case. That the facts, as agreed, are that plaintiffs have a *bona fide* judgment against the said defendant John H. Anderson in the district court aforesaid, and that a writ of execution was issued on said judgment on the 2d day of April, A. D. 1883, directed to the sheriff of the county of Arapahoe aforesaid, which said writ was on the 2d day of April, A. D. 1883, delivered to said sheriff, who, after diligent search, was unable to find property of said defendant in said county sufficient to satisfy said judgment; that thereupon, on request of the plaintiffs, the said sheriff served on the city of Denver, a municipal corporation existing under and by virtue of the laws of this state, a summons of garnishment according to the form of the statute in such cases made and provided, and the city of

Denver admits that said John H. Anderson is the city scavenger of said city of Denver, appointed in November, 1882, and that he received at the date of service $90 per month, which sum is paid to him by said city each month; that at the date of service of garnishment there was due him $90, which said sum the city holds subjected to the order of the court in case said court shall decide that the city is liable as garnishee. For and on behalf of plaintiffs it is claimed that said city is liable to garnishment, and for and on behalf of the city of Denver, garnishee as aforesaid, it is denied that said city is liable to garnishment. Nothing herein shall be so construed as to prevent either party from taking this case to the supreme court.          STAIR & VOGHT, Attys. for Pltffs.

" *Dated Denver, April 16, 1883.*

" Correct. May be submitted without any argument from me.          M. B. CARPENTER, City Attorney."

The question was accordingly submitted to the court, and some days afterwards the court gave judgment as follows: " At this day the stipulation between the plaintiff and the city of Denver, garnishee, having been submitted to the court for its judgment in lieu of an answer by said garnishee, and the court being now sufficiently advised in the premises, doth find by the terms of said stipulation that said garnishee is indebted to the defendant in the sum of $90, and that the plaintiffs are entitled to have the same applied towards the satisfaction of their judgment herein against the defendant. Wherefore it is considered by the court that defendant John H. Anderson do have and recover of and from the city of Denver for the use of the plaintiffs the said sum of ninety dollars ($90), and that if the same be not paid within ten (10) days from this date, that plaintiffs have execution therefor, and for the costs incurred by the incoming of said execution and the increased costs thereon." The city of Denver seeks a reversal of this judgment here upon writ of error. Section 1551 of the General Statutes

of 1883 is set out in the opinion of the court. Section 104 of the code is as follows: "Upon receiving information in writing from the plaintiff or his attorney that any person has in his possession, or under his control, any credits or other personal property belonging to the defendant, or is owing any debt to the defendant, the sheriff shall serve upon such person a notice that such credits or other property or debts, as the case may be, are attached in pursuance of the writ of attachment issued in said cause, and every municipal or other corporation, or *quasi*-corporation, sheriff, or other public officer or trustee, shall be liable to garnishment under the provisions of this chapter." This section (104) relates to proceedings in the district and county courts. Section 2007 of the General Statutes is as follows: "* * * *Second*. Debts, credits, and other things in action, which are not capable of manual delivery, shall be attached by leaving with the person owing such debts, or having in his possession or under his control such credits, or with his agent, a copy of the writ of attachment, and a notice that the debts owing (by) him to the defendant, or the credits or other choses in action, or personal property in his possession or control, belonging to the defendants, are attached in pursuance of said writ. Every corporations (corporation) other than municipal corporations, sheriff, constable, or trustee, shall be liable to be garnished under the provisions of this section."

Messrs. M. B. Carpenter and Telford and Gilmore, for plaintiff in error.

Elbert, J. The doctrine of the case of the *Commissioners v. Bond*, 3 Colo. 411, "that municipal corporations are not subject to garnishment," rests upon considerations of public policy, which obtain in the absence of any statute on the subject. It cannot be appealed to when the legislation of the state indicates a different pol-

icy.  Why, in attachment proceedings commenced in the district or county courts, the legislature made municipal corporations liable to garnishment prior to judgment (Code Civil Proc. ch. 6, § 104), and exempted them from garnishment in cases commenced before a justice of the peace (Gen. St. § 2007), is not very clear.  These provisions were enacted at the legislative session of 1879, although the code provision was but a re-enactment of what, in this respect, was the law before.  The intention may have been to relieve municipal corporations from the harassment and embarrassment of garnishee proceedings in multitudinous and comparatively unimportant suits commenced before justices of the peace.  However this may be, by the two provisions cited it became the declared legislative policy of the state to permit the garnishment of municipal corporations in the former case, and to deny it in the latter.  While the law stood thus diverse in respect to proceedings in garnishment prior to judgment, its admissibility depending upon the forum in which the litigation was pending, the same legislature enacted a general law respecting " garnishment in courts of record and before justices of the peace on judgments rendered," section 1 (Gen. St. § 1551) of which is as follows:  " Whenever a judgment shall be rendered by any court of record or any justice of the peace in this state, an execution against the defendant or defendants in said judgment has been issued and delivered to the proper officer, and the officer, after diligent search, shall not be able to find property of the defendant or defendants in his county sufficient to satisfy the same, the officer shall, upon request of the plaintiff, his agent or attorney, summon such person or persons as the plaintiff may direct, as garnishees, to appear before the court or justice of the peace from which the execution issued.  If before a court of record, the summons shall be made returnable and be served the same as other summonses in courts of record; if before a justice of the peace, the summons shall be

made returnable within the same time, and served in the same manner, as ordinary summons issued by justice of the peace.   *   *   *" · It is to be observed that this section says nothing of the garnishment of municipal corporations, unless they are to be included under the general term of persons.   The question presented is, Does this section admit of the garnishment of a municipal corporation on execution issuing out of the district court, and upon a judgment rendered in that court?   Standing alone, the general terms of this statute would not be construed to admit of such garnishment, under the doctrine announced in *Commissioners v. Bond, supra.*   Statutes, however, are to be construed *in pari materia,* and, as by the code provision cited the writ is allowed in the district court against municipal corporations prior to judgment, we see no room for saying it should not be allowed by the same court after judgment, under the provisions of section 1551.   In other words, the general provisions of section 1551, in so far as they relate to "judgments rendered by any court of record," should be construed with reference to and in harmony with the legislative policy declared in the code provision.   In this view the judgment of the court below was authorized. Whether this same section 1551, in so far as it relates to judgments rendered by justices of the peace, must not also be construed with reference to and in harmony with the different legislative policy indicated in section 2007 of the General Statutes, is a question not presented by the record before us.

The judgment of the court below is affirmed.

*Affirmed.*