COUNTY COURT GARFIELD COUNTY ET AL. V. SCHWARZ.

1. CONTESTING ELECTION OF MUNICIPAL OFFICERS — SPECIAL PROCEEDINGS.— Special proceedings for contesting the election of municipal officers are favored by both the constitution and the statute. It is not to be presumed that the legislature would knowingly withhold obedience to the constitution.
2. CONSTRUCTION OF STATUTORY WORDS.— Words employed in a statute should not be held cumulative or meaningless, unless it be impossible to attribute a rational purpose to them when considered in connection with the context.
3. SAME — POPULAR SIGNIFICATION TO BE CONSIDERED.— Under proper circumstances, weight should be given to the ordinary and popular signification of statutory words in construing the statute.
4. SIGNIFICATION OF WORD "TOWN."— The word "town" appearing in Session Laws of 1885, page 199, section 22, is held to refer to incorporated towns and not to "townships."

*Appeal from District Court of Garfield County.*

AT an election held in April of the present year, Lewis Schwarz, the appellee, and Charles W. Durand were opposing candidates for the office of mayor for the town of Glenwood Springs. Upon the face of the returns Schwarz had an apparent majority of four votes. The certificate of election issued to him. He assumed the office and is now discharging its duties. Durand served the requisite notice and proceeded in the county court under section 22, page 199, Session Laws of 1885, to contest the election of Schwarz, on the grounds of malconduct on the part of the board of registration, and illegal

and fraudulent votes, sufficient to change the result, cast for Schwarz.

Schwarz appeared in said court, and filed a written motion to dismiss the proceeding, based upon the ground that the court had no jurisdiction of the subject-matter thereof. This motion was overruled. Schwarz thereupon applied to the district court for a writ of *certiorari*, which was duly issued. Upon a hearing in the latter court the county court was perpetually enjoined from further proceeding with the election contest. To review this judgment the present appeal was taken.

It appears that at the election mentioned six trustees were also chosen for said town. Those upon the ticket with Schwarz received certificates of election, and duly qualified. Similar contests were instituted before the county court by each of the six opposing candidates.

In relation to these contests it was stipulated in writing by counsel for the respective parties that the decision of the supreme court in the present action should be taken and considered as the decision also in them.

Mr. WILLARD TELLER and Mr. A. M. STEVENSON, for appellants.

Mr. M. J. BARTLEY and Mr. J. W. TAYLOR, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

The adjudication of this appeal rests upon the construction of the following statute: "Contested election of town and precinct officers shall be tried before the county court, as hereinbefore provided for the trial of contest of county officers, so far as the same is practicable; but the judgment rendered in such cause shall be final, and no appeal to the supreme court therefrom shall lie." Sec. 22, p. 199, Sess. Laws 1885.

Does the word "town" used in this statute refer to a

municipal corporation, an "incorporated town," or does it apply exclusively to certain territorial subdivisions, called "townships," into which counties in some states are divided? That it must have one or the other of these meanings is conceded. If we conclude that the word designates a municipal corporation, the judgment of the court below was wrong and must be reversed; but, if our conclusion be otherwise, that judgment was right, and should be affirmed. The question thus presented is by no means free from difficulty. The briefs of counsel upon either side, and the oral arguments made in open court, demonstrate the fact that persuasive reasons may be urged in support of both views. We must gather the legislative intent in the premises as best we can from the context, and the general course or policy of our legislation upon the subject of contested elections, aided by such minor rules of construction as may be applicable.

The phrase "municipal corporations" will be used in this opinion as it is employed generally in our constitution and statutes; meaning cities and incorporated towns.

1. Two preliminary considerations are, in our judgment, of peculiar weight, and therefore entitled to notice: *First. Special proceedings for contesting these elections are favored by legislation.* Election contests for municipal offices, including those of towns as well as cities, are always, or nearly always, specially provided for. This speedy remedy in such cases is peculiarly needful and appropriate, as the terms of office are short, the compensation small, and ordinary judicial proceedings, by information in the nature of *quo warranto*, inadequate because of the time consumed in reaching final judgment. Special contests in incorporated towns were expressly provided for by Revised Statutes of 1868, section 1, page 610.

. *Second. Such remedies are favored by the constitution.* That instrument (sec. 12, art. 7) commands the legislature to adopt general statutes, designating the forum and

procedure for the several classes of election contests not expressly provided for therein. This mandate undoubtedly covers contests of the kind now under consideration. It is not to be presumed that the legislature would knowingly withhold obedience to the constitution; and no good reason appears why that body should intentionally discontinue the remedy mentioned in this particular class of cases. A somewhat careful examination of the laws shows that as to nearly, if not quite, all other offices such provisions have been adopted. Section 3369 of the General Statutes clearly treats of the subject in relation to both classes of cities, and, coupled with section 3365, reaches the office of mayor. But, unless the statute before us includes incorporated towns, — the remaining class of municipal corporations,— there is no legislation providing for election contests purely therein.

2. The word "township" occurs a few times in the statutes. Section 666 uses it incidentally in referring to justices' townships, as they were designated prior to the adoption of the constitution. In each of the other instances it is retained or employed inadvertently for the word "precinct." See secs. 1932, 1933, 2367 and 3402. Nor does the constitution itself, in any manner, call for the creation of townships. The word appears in section 12, article 14, and in sections 1 and 2, article 11. But, as there used, no indication is given of what shall constitute a township or its proper functions. Justices of the peace and constables, who were previously termed "township officers," are by the constitution expressly made precinct officers, and our present legislation adopts the constitutional nomenclature.

Therefore, neither under the constitution nor statutes is there any subdivision of a county or other political organization known as a township. Having no townships, there are, of course, no township offices. Hence, if we say the word town, in the section under consideration,

was used by the legislature with reference to township officers, it is surplusage, and in construing the statute must be rejected.    But this conclusion, under a well-known rule of construction, should not be adopted unless it be impossible to attribute a rational meaning or purpose to the language employed.    *Edwards v. Railroad Co., ante,* p. 59.

A careful examination of the statute shows that in the numerous other instances where the word "town" is employed it unquestionably designates a municipal corporation; and section 3141 expressly declares that it may be construed to mean "city."    In other states, where townships are a legal subdivision of the county for governmental and political purposes, this word is frequently used with reference thereto.    Here, however, it is apparent that such use of the word could not properly be made. Had the legislature omitted to provide for contesting the election of precinct officers, there might be plausibility in the suggestion that such officers were here meant, townships having once been a recognized similar territorial subdivision; but this possible view is excluded by the express naming of precinct officers in the same provision. We do not feel at liberty to say that the words "town" and "precinct" were employed synonymously.    If, therefore, we are to accept the obvious meaning of the word adopted elsewhere by the legislature, we must assume that it refers to a class of municipal corporations.

"An application of the rule that gives weight, under proper circumstances, to the ordinary and popular signification of words employed in legislative acts leads to the same result.    'Town' is the generic term used in this country as embracing all kinds of municipal corporations which have the right to make police rules or regulations controlling all persons and things within certain specified limits."    *State v. Glennon,* 3 R. I. 276; *State v. Parsons,* 40 N. J. Law, 1.    "In the popular sense of the word a

town is a congregation of houses so near to one another that the inhabitants may fairly be said to dwell together." 2 Rap. & L. Law Dict. 1282. "Any collection of houses larger than a village and not incorporated as a city." Webster. It is true that Webster gives "township" as a secondary and subordinate meaning. And it is also true that in those states wherein counties are carved into townships the word has a corresponding popular significance; though even in them it is also used with reference to a collection of houses and people. See And. Law Dict. 1042, for an extended consideration of the subject. With due respect for those courts which hold otherwise, we think that the more generally popular meaning in this country, as in England, is substantially given by the definitions above quoted.

The ambiguity under consideration arises mainly from the fact that the word is used in a section under the general subhead or title "County officers." By the statute of 1877 it was placed under the subtitle "Township and precinct officers." The latter subtitle, however, has since been rejected; and it might be argued that in this rejection there is evidence of a legislative opinion that it was improper. But neither of these subtitles is, or ever was, essential. The legislation is complete without them. Like catch-words, they are used for convenience, and in construing the statute are not controlling. They differ radically from the title to an act, which must express the general subject; and the sufficiency of which, in the case at bar, is undoubted.

It is difficult to discover a satisfactory reason for this seemingly inappropriate placing of the provision. A possible explanation may be predicated upon the fact that by existing statute, when the law was first adopted, contests for this class of municipal offices were conducted in the same manner and before the same forum as contests for county offices; also, that a similar rule is elsewhere fre-

quently provided. But, be the legislative reason what it may, we do not feel justified in discarding the word or holding it either cumulative or meaningless and void.

The judgment of the district court was erroneous. It is accordingly reversed and the cause remanded, with directions that the *certiorari* proceeding be dismissed.

*Reversed.*