ON PETITION FOR REHEARING.
Thomson, J.,
delivered the opinion of the court.
A petition for rehearing has been filed in this case, supported by a brief of counsel representing the defendant in error, and also by a brief of counsel appearing in another case pending in this court, the fate of which is dependent upon the final decision in this case; and, in view of the importance of some of the questions involved, we deem it-advisable to devote a little more time and space to them than we did originally. It is urged that we were in error in holding— JTirst, that the word “person,” in section 119 of the code of 1887,'does not include counties; second, that counties are not municipal corporations; third, that counties are quasi corporations; and, fourth, that there was no waiver of the county’s exemption from garnishment.
.In regard to the first proposition, we deem it unnecessary to add anything to our former opinion. The decision in City of Denver v. Brown, 11 Colo. 337, to which we have been referred, is in entire accord with the previous ruling of the supreme court upon the question, and with the views expressed by us. But we think that a little more attention may profitably be given to the remaining propositions. .
. It is argued that, where the words “ quasi corporations ” are applied by the authorities to counties, reference is had to counties as they existed at common law, and not to counties *387 which are expressly declared by statute to be corporations, “ because,” say counsel, “ no organization can be, or can properly be called, a ‘ quasi corporation,’ which is expressly declared by law to be a corporation.” We do not attach the importance to the express statutory declaration which it seems to have in the minds of counsel, because, if an organization or body of persons is clothed by law with the attributes of a corporation, it is a corporation as fully, for all the purposes of its creation, as if it is expressly declared to be such. The formal declaration adds nothing to its completeness or its powers. Ang. & A. Corp., sec. 77; Dean v. Davis, 51 Cal. 406. The effect, therefore, of counsel’s argument, if we understand it, is that an organization or association which may be properly termed a “ quasi corporation ” is not a corporation at all, and that the moment it becomes a corporation it ceases to be a quasi corporation. Our disagreement with counsel upon this proposition is radical. A quasi corporation is an organization or body invested • with certain limited corporate powers. It does not possess the general powers of corporations, but, within its own subordinate and inferior sphere, it is a corporation, with duties which may be enforced and rights which may be maintained in like manner and with the same effect as in the case of corporations with general powers. Commissioners v. Mighels, 7 Ohio St. 109; Inhabitants of School Dist. v. Wood, 13 Mass. 192; Clarissey v. Fire Department, 1 Sweeney, 224; Bouv. Law Dict., title “ Quasi Corporations.” It is the constitution of the body, the purpose for which it is organized, the extent of its powers, and the manner in which they are exercised, rather than the particular statutory language employed in its creation, which determine its character as a corporation or a quasi corporation ; and a mere statutory declaration that it is a body corporate and politic does not change its inherent character. The distinction between municipal corporations proper and counties is precisely that which exists between corporations with general powers and quasi corporations. It is true that a municipal corporation owes its existence to the laws of the *388 state, that its mode of existence and. its powers are prescribed by statute, and that, in a qualified sense, it is an agent of the state, in its government; but its primary purpose is the administration of its own internal affairs. It is a community invested with peculiar functions for the benefit of its own citizens. It possesses a local government of its own, with executive, legislative, and judicial branches. It can enact and enforce ordinances, having the force of laws, for the regulation of its domestic concerns and the preservation of its peace. For injuries occasioned by the neglect or wrongful acts of its agents or servants in the construction of its local improvements, or by its own neglect in keeping them in repair, its liability is the same as that of a private corporation or a natural person. It can provide for the supply of water and light to its inhabitants, and own and operate works necessary for such purposes; thus taking upon itself the duties, and assuming the liabilities, of a private corporation. Within the boundaries of its granted powers, it is independent. The character of a municipality, with its accompanying duties and burdens, is assumed voluntarily. There can be no municipal organization without the consent of the inhabitants of the territory which it is to embrace, and.the municipality, when organized, is what Mr. Beach terms a “ full-fledged” corporation. 1 Beach, Pub. Corp., secs. 3, 5; Park Com'rs v. Detroit Common Council, 28 Mich. 228; Woods v. Colfax Co., 10 Neb. 552; City of Denver v. Dunsmore, 7 Colo. 328. The difference between this class of corporations and counties is fundamental and evident. A county is created by the legislature without reference to the will of its inhabitants. It has no power of local government, or independent authority of any kind whatever. It officers, although elected by its people, are virtually officers of the state, and are charged with the administration and execution of the laws of the state. It is merely a subdivision of the state for the purposes of state government. It is nothing more than an agency of the state in the general administration of the state policy, and, unless an action is given by statute, none lies against it. *389 Commissioners v. Mighels, supra; Woods v. Colfax Co., supra; Commissioners v. Churning, 4 Colo. App. 321; Hedges v. Madison Co., 1 Gilman, 567. In Nebraska, counties are bodies corporate and politic, as they are with us. See Gen. Stats. Neb., 1873, p. 231. But in Woods v. Colfax Co., supra, the supreme court of that state held that a county was not a municipal corporation, citing with approval the case of Riddle v. Proprietors, 7 Mass. 169, in which counties are designated as “ quasi corporations.” In Illinois, also, counties were, by statute, constituted bodies corporate and politic ; but in Hedges v. Madison Co., supra, they are denominated “ quasi corporations.” See, also, Donalson v. San Miguel Co., 1 N. M. 263. There are numbers of other cases in which counties, invested with the same corporate powers, duties and liabilities as in this state, although not in terms declared by statute to be corporations, are classed as quasi corporations. The question has never been directly passed upon in this state, but in County Court v. Schwarz, 13 Colo. 291, the court incidentally say that the phrase “ municipal corporations,” as employed generally in our constitution and statutes, means “ cities and incorporated towns,” and in City of Denver v. Dunsmore, supra, the court applies the term “ quasi corporations ” to counties, seemingly as a matter of course. Our investigation of the question in the first opinion was directed not so much to an abstract definition of terms as to an ascertainment of the meaning attached to them by the legislature. In providing for the liability to garnishment of different classes of corporations, it evidently regarded quasi corporations as outside of municipal corporations; and unless, by the term, such corporations as counties were meant, there are no corporations in this state to which the name “ quasi corporations ” can be applied. We assumed that the terms “ municipal corporations ” and “ quasi corporations ” were used in the ■ sense which is ordinarily given to them, and we see no reason to change the opinion then expressed.
It was held in Commissioners v. Bond, 3 Colo. 411, that a county’s exemption from garnishment might be waived by *390 appearance and submission to liability. In this case the answer to the interrogatories was made by the county clerk. He afterwards filed a supplemental answer, which the plaintiffs moved to strike from the files. The record recites that, upon the hearing of the motion, W. A. Reese appeared for the motion, and T. J. Jackson, contra. Afterwards, the county appeared in the case by O. S. Galbreath, the county attorney, and moved the court to dismiss the proceedings because the county was not liable to garnishment. The duties of the county clerk are defined and prescribed by the statute. No authority is given him to enter the appearance of the county in any legal proceeding, and the filing by him of the answer and supplemental answer did not constitute an appearance by the county in the case. It appears that the motion to strike out the supplemental answer was resisted by T. J. Jackson. Who T. J. Jackson was, or in what capacity he purported to act, the record does not disclose, but there is nothing to indicate that he was in any way authorized to represent the county. The statute provides for the appointment by the commissioners of a county attorney. This attorney, when appointed, is the proper representative of the county in legal proceedings to which it is a party, and is authorized to appear for it in its litigation. The record shows no appearance for the county by any person with authority to bind it, until the filing of the motion to dismiss by the county attorney. That appearance was not in submission to, but in denial of, liability. We find no waiver by the county of its exemption from garnishment. For the foregoing reasons, our first decision will be adhered to.

Rehearing denied.