LIGGETT v. THE BOARD OF COUNTY COMMISSIONERS OF KIOWA COUNTY.

1. COUNTIES—POWER TO CONTRACT.

Counties are *quasi* corporations, and have, to the extent of the powers conferred upon them, full authority to act and to contract as may corporations generally.

2. SAME.

Where the officers of a *quasi* corporation are empowered to act with reference to any particular matter, their contract will be valid, even though some part of its performance may be impossible until after the expiration of the term of the officers who may enter into the agreement.

*Error to the District Court of Kiowa County.*

Mr. O. G. HESS, for plaintiff in error.

Mr. L. A. CRANE and Mr. F. E. TORBIT, for defendant in error.

BISSELL, J., delivered the opinion of the court.

The affairs of Kiowa county were directed in the year 1891 by three county commissioners, named Sherman, Rusk and Beal. While these commissioners were in office, Liggett, the plaintiff in error, made a proposition to the board to act as the purchasing agent and printer for the county for two

years, at the net price of $750 per annum. The commissioners accepted the proposition, not as made, but for the term of one year; the contract to go into effect and be binding on the execution by Liggett of a bond in a sum named to guarantee its performance. Liggett apparently acceded to the modification of his proposition, for he executed a bond according to the order of the commissioners, did his work and got his pay. In the later part of the year, and in the month of December, Liggett made another proposition to the board in modification of the one offered in the preceding January, reduced the sum charged to $700 for the year 1892, and agreed to act as purchasing agent and public printer for that amount. The modification seems to have been the result of a reduction in the appropriation for the year 1892. When the appropriation was made for this purpose for the year 1892, the sum of $700 was fixed by the county as the amount applicable to this purpose. The board permitted the modification, accepted the proposition as modified, and thereby, so far as can be discovered from this record, agreed with Liggett that for the year 1892 he should do the county printing and purchase its stationery supplies for the sum of $700. The board resolved that the bond originally filed should be taken as a bond for the faithful performance of the contract for the ensuing year. We are unable to determine whether this action would render the bond legally operative against the sureties, and permit it to stand as a guarantee for the due performance of the contract. Our attention has not been called to any statute requiring such a bond in order to render an agreement with a party binding on the county, and we do not therefore pass upon the legality of the board's action in this particular. If the statute requires a bond, and what was done did not bind the sureties on the bond executed in the preceding January, it is possible that out of this circumstance there may be a defense to the suit which Liggett has instituted. We expressly leave these questions open, because the case below turned upon a simple proposition. The county pleaded no other defense than a general denial, except that the contract

was to continue after the expiration of the terms of office of the commissioners who entered into it. The case was decided on this theory. It will be remembered the modification of the original proposition was made in December. Under the statute, boards of county commissioners are bound to hold their first regular meeting for the year on the first Monday in January. General Statutes, 1883, sec. 531.

At that regular meeting, this board, which was then in office, did what has been stated. What is disclosed by the record would appear to constitute an agreement between the parties, unless, as has been suggested, there be some defense growing out of the acceptance of the bond or the failure to execute a new one, which is not disclosed. For some reason which does not appear, Beal and Rusk went out of office on the second Tuesday in January, 1892, and were succeeded by Allen and Biddle, who went into office on the second Tuesday of that month. Sherman remained in. How it happened that two commissioners went out we do not know. Under the general scheme of the statute respecting boards of county commissioners, one officer goes out every three years. However this may be, on the 12th of January, Allen, Biddle and Sherman constituted the board. Sometime during that month, and probably the latter part of it, Miller, who was the publisher of a rival paper called the " Leader," offered to do the county's work for the year of 1892 for two thirds of the fixed rate. This proposition was accepted. The contract with the Chivington Chief, and Liggett, its proprietor, was abrogated, and the board proceeded to contract with Mr. Miller. It is not shown, but we presume, there was a change in the political complexion of the board. Why the Liggett contract was abrogated and the Miller contract made, the proceedings do not show. The board assumed they had a right to set aside the contract, and had full authority to enter into an agreement with Miller. All these facts were disclosed by the evidence which was received. The plaintiff Liggett then undertook to show his losses, and to make the requisite proof to establish them. He offered

enough in connection with what was received to make out a cause of action and entitle him to some recovery. How much we are not able to ascertain. Some of the proof which he offered was not put in proper shape, and did not accord with the rules of evidence which determine the mode of proof and the kind of evidence which must be offered to entitle a plaintiff to recover for the breach of a contract. It. is not necessary to review the case in this aspect, because the law is well settled as to what damages a party may recover in such actions, and what testimony he must produce to obtain a judgment. Most of the proof which the plaintiff offered was rejected on the ground that since a majority of the board were going out of office in the month of January, 1892, they could not contract with reference to county printing for any portion of the period which would follow the expiration of their term.

This is the only practical proposition which is involved in this hearing,—the only one in reality to which much importance is attached, or to which much time is devoted in the briefs of counsel,—and is manifestly the theory on which the court excluded the testimony. If the court was right, the judgment must be affirmed. If his conception of the law in this particular was erroneous, it must be reversed. There are some authorities in Kansas and Indiana which substantially hold that a board may not contract with reference to matters which must be completed or done after the expiration of the term of the officers who enter into the engagement. The Indiana authorities are not in harmony on this question, and they seem to draw a distinction between contracts which are to be executed within what is termed a reasonable time and those which are to run for so long a period that the courts would regard them as prejudicial to the public's interest, and therefore against public policy and void. With this distinction, a case could easily be conceived which on principle should be adjudged invalid within the rule laid down by one of the Indiana cases. *Board of Commissioners*

*v. Taylor et al.*, 123 Ind. 148; *Reubelt v. School Town of Noblesville*, 106 Ind. 478.

We do not intend to enter into a discussion of this distinction, because under none of the cases would this contract be adjudged void as against public policy because of the time it was to run. It was simply for the year 1892, and if the board could contract at all with reference to the matter or for that period, the contract would be reasonable, and could. not be, as a matter of law, adjudged void because prejudicial to the public interest. But for the going out of office of two of the members, the contract might possibly have been adopted by the board as reorganized on the second Tuesday in January. It is useless to speculate about it, because the board was a new one, and it undertook to repudiate the agreement. It thus becomes a naked question of power on the part of the old board to make this agreement with Liggett. The question of the power of the governing bodies of these *quasi* corporations has been made the subject of considerable discussion in the books. It is not a matter of argument, so far as concerns the general powers of the county board to make such a contract. Under our scheme, the commissioners are the governing body, and by statute they are clothed with full authority to make all contracts which are essential to the management of the county's affairs. The status of counties as corporations has been the subject of considerable discussion, and while they are defined as *quasi* corporations, it is always conceded that as such they have, to the extent of the powers which are conferred upon them, full authority to act and to contract as may corporations generally. *Stermer v. Board of Commissioners of La Plata County*, 5 Colo. App. 379.

Where the officers or trustees of a *quasi* corporation are empowered to act with reference to any particular matter, it is generally conceded their contract will be valid and binding, even though some part of its performance may be impossible until after the expiration of the term of the officers who may enter into the engagement. *Wait v. Ray*, 67 N Y. 36;

*Gillis v. Space*, 63 Barb. 177; *Silver v. Cummings et al.*, 7 Wend. 183; *Williams v. Keech et al.*, 4 Hill, 168.

It does not seem to be possible to hold otherwise under the general rules of law fixing the liability of corporations for the acts of their duly authorized agents. When it is conceded that a county is a *quasi* corporation, possessed of certain statutory powers, and a suit is brought on a contract which is evidently within the scope of its power, the county may not escape liability on the hypothesis that its performance could not be completed until after the term of the officers who entered into it. All corporations must act by agents. In one class of cases they are boards of directors, and in the other they are officers elected by the people or appointed by the proper authorities. In whatever way the agents may acquire title to their office, so long as they are properly exercising their powers, the corporations which they represent must be held bound by the obligations into which they lawfully enter. The only exception to this general rule may possibly lie in the direction of the Indiana decisions, when, from the terms and the character of the convention, it can be judicially determined to be void because against public policy. Whether any other exception would arise if it should be pleaded and proven that the contract was collusively and fraudulently made by the retiring board, to the knowledge of the contracting party who brought the suit, need not be decided. No such case is made by the record. Improper motives may not be imputed to the officers without proof of facts which warrant the inference. The purposes of the officers are not matters for discussion without direct proof on the subject. *McCormick v. City of Boston*, 120 Mass. 499; *Soon Hing v. Crowley*, 113 U. S. 703; *Oglesby v. Attrill*, 105 U. S. 605.

The record does not pretend to show the making of the agreement for the purpose of anticipating action by the new board or to foreclose it on this subject. According to the judgment of the board as it was then constituted, an immediate necessity may have existed to make it. The contract

may have seemed one which would best subserve the county's interest. The board was in office; it had full authority to act with reference to all matters which legitimately came before it at that time; and in the absence of any proof showing fraud and collusion, or that the agreement must of necessity be so vitally injurious to the public's interests as to render the agreement void as against public policy, the contract cannot be adjudged invalid because it was to be completed after the term of the majority of the board as it then existed should have expired. The county is a continuous organization. Many contracts can be conceived and suggested which of necessity could not be performed during the term of office of an entire board of county commissioners. To hold contracts invalid because part or all of a board cease to exercise public functions would be to put these corporations at an enormous disadvantage in making the contracts which are essential to the safe, prudent, and economical management of the affairs of a county.

The contract was not void, and on sufficient proof of its execution and its breach, the plaintiff may recover the damages which he can establish. The court erred in holding otherwise, and the case must be reversed and remanded for a new trial in conformity with this opinion.

*Reversed.*